OPINION.
{¶ 1} Appellant, Thomas J. Salvano, appeals the judgment of the Lake County Common Pleas Court, which sentenced him to a prison term of eighteen months upon his plea of guilty to attempted robbery. Appellant has been released from custody and no post conviction release control was imposed. Therefore, we dismiss this appeal as moot. See, e.g., State v. Smith, 11th Dist. No. 2000-L-195, 2002-Ohio-1330. Even were this appeal not moot, we would affirm the trial court's judgment.
 {¶ 2} On April 23, 2002, appellant entered a plea of guilty to one count of attempted robbery in violation of R.C. 2923.02 and 2911.02(A)(3), a fourth degree felony. R.C. 2929.14(A)(4) provides a prison term of six to eighteen months for a fourth degree felony. The parties in the instant case entered into a joint recommendation of a prison term of fifteen months. Appellant waived his right to the preparation of a presentence investigation report and the court sentenced appellant to the maximum prison term of eighteen months. Salvano appeals raising one assignment of error:
 {¶ 3} "The trial court erred by sentencing the defendant-appellant to the maximum term of eighteen-months imprisonment for attempted robbery, a fourth-degree felony."
 {¶ 4} Appellant premises his assignment of error on three findings made by the trial court, which appellant claims were not supported by the record. First, appellant argues that the trial court erred when it found that the victim suffered psychological or economic harm. Next, appellant challenges the trial court's finding that there had been a failure of rehabilitation after previous convictions and a failure to respond to past probation or parole. Finally, appellant challenges the trial court's finding that appellant had a pattern of drug or alcohol abuse and had failed to acknowledge his problem or accept treatment. We reject appellant's arguments.
 {¶ 5} We review a trial court's sentencing decision de novo. State v. Bellamy, 11th Dist. Nos. 2001-L-138 and 2001-L-139, 2002-Ohio-7137, at ¶ 15, citing, State v. DeFabio (Dec. 21, 2001), 11th Dist. No. 2000-P-0037, 2001 WL 1647169, at 2; State v. Wilson (June 23, 2000), 11th Dist. No. 99-L-026, 2000 WL 816641, at 2. We will not disturb a sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. Bellamy at ¶ 15. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." DeFabio at 2. See, also, Wilson at 2.
 {¶ 6} In sentencing appellant, the trial court found that appellant attempted to cause or made an actual threat of physical harm to a person and that appellant had previously been convicted of an offense that caused physical harm to a person. R.C. 2929.13(B)(2)(c). The trial court also considered the factors set forth in R.C. 2929.12 and found that a prison term was appropriate.
 {¶ 7} R.C. 2929.14(C) provides in relevant part:
 {¶ 8} "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."
 {¶ 9} In its judgment entry, the trial court found that, pursuant to R.C. 2929.14(C), appellant posed the greatest likelihood of recidivism. We cannot find, by clear and convincing evidence, that appellant's sentence was not supported by the record.
 {¶ 10} R.C. 2929.12(D) provides:
 {¶ 11} "The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 12} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.
 {¶ 13} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152 of the Revised Code, or the offender has a history of criminal convictions.
 {¶ 14} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152 of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 15} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 16} "(5) The offender shows no genuine remorse for the offense."
 {¶ 17} In the instant case appellant admitted to several prior convictions, including convictions for attempted felonious assault, burglary, aggravated assault and drug offenses. Appellant, who was forty-one years old at the time of sentencing, admitted that he had spent fifteen years in prison. In addition to the underlying offense in this case, appellant had been sentenced for an offense he committed in Cuyahoga County. Both the instant offense and the Cuyahoga County offense occurred after appellant's most recent release from prison. There was also evidence that the offense in this case was drug related. Therefore, we cannot say that the record fails to support the trial court's determination that appellant had the greatest likelihood of committing future crimes.
 {¶ 18} Appellant seems to argue that, in addition to finding that appellant posed the greatest likelihood to commit future crimes, the trial court was also required to find that appellant committed the worst form of the offense. That is, appellant seems to read the requirements of R.C. 2929.14(C) as being conjunctive. However, the statute clearly permits the trial court to sentence an offender to the maximum prison term on finding that any one of the factors exists. Therefore, while there was no evidence in the record that the victim suffered physical, psychological, or economic harm as found by the trial court, the evidence presented was sufficient to support the trial court's judgment. Appellant's assignment of error is without merit.
 {¶ 19} For the foregoing reasons, this appeal is dismissed as moot.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.